UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>              Plaintiff,<br><br>    v.<br><br>JARA, a general partnership;<br>RODEMANN'S COLLISION REPAIR,<br>INC., individually and d/b/a<br>Rodemann's Collision Repair; and<br>DOES 1 through 10, inclusive,<br><br>              Defendants. | 2:06-cv-980-GEB-GGH<br><br>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE |

        The May 5, 2006, Order Setting Status (Pretrial Scheduling) Conference ("May 5 Order") scheduled a status conference in this case for August 28, 2006, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The May 5 Order further required that a status report be filed regardless of whether a joint report could be procured.[1]  Plaintiff

---

[1] As the May 5 Order states:

    The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file

(continued...)

1

1 filed an individual status report on August 15, 2006, which was
2 untimely.
3       Plaintiff's Status Report states that "[a]ll named parties
4 have been served, but have not answered." (Pl.'s Status Report at 2.)
5 Nevertheless, Plaintiff's Status Report indicates that this action may
6 be fully scheduled.  Plaintiff has not shown that the schedule he
7 proposes should be adopted because Plaintiff has not demonstrated that
8 he is authorized to litigate this action other than by way of default
9 proceedings.  Plaintiff's Status Report is devoid of any discussion of
10 default proceedings.  Since Plaintiff has not shown that he may
11 litigate this action apart from compliance with default procedures,
12 the Status (Pretrial Scheduling) Conference set for August 28, 2006,
13 is rescheduled for November 6, 2006, at 9:00 a.m.  Plaintiff shall
14 file a further status report no later than October 23, 2006, in which
15 he explains why this action should not be dismissed for his failure to
16 properly prosecute it or, in the alternative, how and when the action
17 will be properly prosecuted.
18       Furthermore, Plaintiff is Ordered to Show Cause (OSC) no
19 later than 4:00 p.m. on August 23, 2006, why sanctions should not be
20 imposed under Rule 16(f) of the Federal Rules of Civil Procedure
21 against him for the failure to file a timely status report, as
22 ordered.  The written response shall state whether a hearing is

---

[1](...continued)
a status report in accordance with this
Order.  In the event a party fails to
participate as ordered, the party timely
submitting the status report shall include a
declaration explaining why it was unable to
obtain the cooperation of the other party or
parties.

Order filed May 5, 2006, at 2 n. 1.

2

requested on the OSC.  If a hearing is requested, it will be held on November 6, 2006, just prior to the status conference.

IT IS SO ORDERED.

Dated:  August 16, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge