UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>                Plaintiff,<br><br>   v.<br><br>JARA, a general partnership; RODEMANN'S COLLISION REPAIR, INC., individually and d/b/a Rodemann's Collision Repair; and DOES 1 through 10, inclusive,<br><br>                Defendants. | 2:06-cv-0980-GEB-GGH<br><br>ORDER RE:  <u>SETTLEMENT AND DISPOSITION</u> |

      On October 24, 2006, Plaintiff filed a Notice of Settlement in which he states "the parties have settled this action" and "[d]ispositional documents will be filed within (20) calendar days." Therefore, a dispositional document shall be filed no later than November 13, 2006. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

/////

1

1  The status conference scheduled for November 6, 2006, is
2 rescheduled to commence at 9:00 a.m. on January 16, 2007, in the event
3 that no dispositional document is filed, or if this action is not
4 otherwise dismissed.  Further, a joint status report shall be filed
5 fourteen days prior to the status conference.[1]
6  IT IS SO ORDERED.

Dated:  October 24, 2006

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).